# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TONY LAMONT JACKSON,<br><br>                                 Petitioner,<br>v.<br><br>JUDY SMITH,<br><br>                                Respondent. | Case No. 17-CV-473-JPS<br><br><br>**ORDER** |

On March 31, 2017, Tony Lamont Jackson ("Jackson") filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1). Jackson has paid the $5.00 filing fee, and so the Court now turns to screening his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

After a jury trial in Milwaukee County Circuit Court in May and June 2008, Jackson was convicted of one count of 2nd degree reckless homicide, in violation of Wis. Stat. § 940.06(1), and one count of being a felon in possession of a firearm, in violation of Wis. Stat. § 941.29(2)(a). He was sentenced on July 17, 2008. As to the first count, Jackson was sentenced to fifteen years of incarceration followed by five years of supervised release. On the second count, he received a sentence of two years of incarceration followed by five years of supervised release. Jackson is currently confined to the Oshkosh Correctional Institution in Oshkosh, Wisconsin.

Rule 4 of the Rules Governing Section 2254 Cases authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss

a petition summarily where "it plainly appears from the face of the petition . . .that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the Court may analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, filed a second or successive petition, and set forth cognizable constitutional or federal law claims.

As to Jackson's petition, the Court begins by noting that it is barred as second or successive. Jackson already filed a petition challenging his 2008 conviction in *Jackson v. Smith*, 12-CV-362 (E.D. Wis.). District courts lack jurisdiction to consider second or successive habeas petitions, which must first be authorized by the Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts. Of course, "[n]ot all multiple collateral attacks are 'second or successive.'" *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Where the previous petition was dismissed for technical reasons or failure to exhaust—that is, deficiencies a petitioner can cure before refiling—the subsequent petition does not constitute a "second or successive" petition implicated in Section 2244(d). *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003); *Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013). Here, however, the Court considered and rejected Jackson's first habeas petition on the merits. *See* (Docket #1-1 at 17–22). It was not dismissed for technical reasons or failure to exhaust. Thus,

the instant petition is indeed second or successive, *Garrett v. United States*, 178 F.3d 940, 942 (7th Cir. 1999), and absent a certification from the Court of Appeals, this Court is without jurisdiction to consider it. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Additionally, the Court notes that even if Jackson had received authorization from the Court of Appeals to file this petition, it would face further significant hurdles. Section 2244 provides that in a second or successive habeas petition, any claim presented in a prior petition must be dismissed outright. 28 U.S.C. § 2244(b)(1). Any claim not previously presented will only be heard if one of two conditions applies: (A) the petitioner shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. *Id.* § 2244(b)(2). The claims in the instant petition appear to overlap somewhat with those presented in his first federal habeas petition. *See* (Docket #1 at 6–8). To the extent they do not overlap, Jackson would be hard-pressed to show why the claims, which appear to relate to ineffective assistance of counsel on Jackson's direct appeal of his conviction, fall within one of the two circumstances

defined above.

In addition to being second or successive, the Court also finds that the instant petition appears to be untimely. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. *Id.* § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012). According to the information provided in his petition, Jackson's conviction became final on July 11, 2011, which was ninety days after the Wisconsin Supreme Court denied his petition for review. (Docket #1 at 3). This petition was filed nearly five years later. Even accounting for the periods of tolling during the pendency of other post-conviction or collateral motions, *see* 28 U.S.C. § 2244(d)(2), far more than one year has elapsed since Jackson's conviction became final. *See* (Docket #1 at 3–6). Perhaps Jackson believes that some circumstance exists warranting further tolling of the limitations period, *see* 28 U.S.C. § 2244(d), but if this is so, it is not clear from the face of the petition. Thus, it appears that Jackson's petition is untimely.

Though the petition likely suffers from other defects, such as failure to exhaust some of the claims presented in state court, the above findings suffice to dispose of the petition in its entirety. Thus, the Court need not proceed further with its Rule 4 review to conclude that it must dismiss the petition.

Finally, under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should be issued, additional arguments are not necessary here. The denial of the petition is two-fold—based upon successiveness and timeliness—and both foundations are solid. It is clear that Jackson has not been granted leave from the Seventh Circuit to file this successive petition. Further, the petition comes long after Jackson's sentence became final. No reasonable jurist would disagree with the Court's determinations.

Accordingly,

**IT IS ORDERED** that Petitioner Tony Lamont Jackson's petition for a writ a habeas corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to the petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge